## NADINE O. MONROE *v.* DANIEL B. HORWITCH
## (13831)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued April 11—decision released June 26, 1990

*Nadine O. Monroe,* pro se, the appellant (plaintiff).

*Gregory A. Benoit,* for the appellee (defendant).

*Wesley W. Horton, Robert M. Shields, Jr.,* and *Jeffrey A. Hoberman* filed a brief for the Connecticut Bar Association as amicus curiae.

GLASS, J. The plaintiff, Nadine O. Monroe, commenced this action in the Superior Court for the judicial district of New London by filing a "Complaint/Presentment" against the defendant, Daniel B. Horwitch, who is the statewide bar counsel.[1] In the presentment por-

---

[1] "[General Statutes] Sec. 51-90c. STATE-WIDE BAR COUNSEL. (a) The judges of the superior court shall appoint an attorney to act as state-wide

tion of the plaintiff's action, she sought to present the defendant to the court for discipline. In her complaint, the plaintiff alleged that the defendant had denied grievance complainants "due process and equal protection of the law" by failing to enforce time limits for the processing of grievance complaints. In addition, she alleged that the defendant had unconstitutionally exercised "judicial powers of a judge" by dismissing complaints, issuing reprimands to lawyers and deciding which complaints should be acted upon by the court. The remaining portion of the plaintiff's complaint sought a declaratory judgment that the dismissal of complaints and the issuing of reprimands by the defendant and/or the statewide grievance committee was an unconstitutional exercise of judicial discretion and power. See General Statutes § 51-90 et seq.

The defendant moved to dismiss the "Complaint/Presentment" claiming that the court lacked subject matter jurisdiction regarding the presentment portion of the complaint because the plaintiff could not directly request the court to discipline an attorney, and because the plaintiff lacked standing to bring the presentment. With respect to the declaratory judgment portion of the plaintiff's action, the defendant also argued that the court lacked subject matter jurisdic-

bar counsel, who shall serve full-time, and such number of attorneys to act as assistant bar counsel as are necessary, for a term of one year commencing July first. Any vacancy in the position of state-wide bar counsel or assistant bar counsel shall be filled by the executive committee of the superior court which shall appoint an attorney for the unexpired portion of the term. Compensation of the state-wide bar counsel and assistant bar counsel shall be established by, and paid from funds appropriated to, the judicial department.

"(b) In addition to any other powers and duties set forth in sections 51-90 to 51-91b, inclusive, or by rule of the court, the state-wide bar counsel shall investigate and prosecute complaints involving the violation by any person of any provision of section 51-88."

tion because the plaintiff had failed to meet the requirements imposed by Practice Book § 390.[2]

On October 30, 1989, after oral argument, the court granted the defendant's motion to dismiss on the grounds that the plaintiff did not have standing and had failed to follow the grievance procedure as set forth in General Statutes § 51-90e.[3] The plaintiff has now

---

[2] "[Practice Book] Sec. 390. [DECLARATORY JUDGMENTS] CONDITIONS

"The court will not render declaratory judgments upon the complaint of any person:

"(a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or

"(b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or

"(c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or

"(d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

[3] "[General Statutes] Sec. 51-90e. FILING OF COMPLAINT ALLEGING ATTORNEY MISCONDUCT. REFERRAL TO GRIEVANCE PANEL. (a) Any person may file a written complaint alleging attorney misconduct. A grievance panel may, on its own motion, initiate and file a written complaint alleging attorney misconduct. A complaint against an attorney shall be filed with the state-wide bar counsel. Within five working days of the receipt of a complaint the state-wide bar counsel shall:

"(1) Forward the complaint to the appropriate grievance panel as determined under rules of court; and

"(2) Notify the complainant and the respondent, by certified mail, return receipt requested, of the panel to which the complaint was forwarded. The notification to the respondent shall be accompanied by a copy of the complaint.

"(b) The respondent shall have the right to respond within ten days of receipt of notification to the grievance panel to which the complaint has been referred.

"(c) The state-wide bar counsel shall keep a record of all complaints filed with him. The complainant and the respondent shall notify the state-wide bar counsel of any change of address or telephone number during the pendency of the proceedings on the complaint.

"(d) If for good cause shown, a grievance panel declines, or is unable pursuant to sections 51-90 to 51-91b, inclusive, to investigate a complaint referred to the panel, such panel shall forthwith return the complaint to the state-wide bar counsel to be referred by him immediately to another

appealed that ruling to this court, arguing: (1) that the trial court, by dismissing her pro se complaint/presentment on the ground that a private party cannot file a grievance against an attorney in the Superior Court, denied her due process of law and equal protection of the law as guaranteed by the United States and Connecticut constitutions; (2) that the trial court should not have ruled that she needed standing to file a complaint/presentment in the Superior Court; (3) that the judiciary has the inherent and exclusive jurisdiction to regulate and to discipline attorneys; and (4) that the trial court should have ruled that the statutes establishing the grievance procedure in this state are unconstitutional. Because we agree with the trial court that the plaintiff cannot directly request the court to discipline an attorney, and that she lacks standing to bring the allegations in her "Complaint/Presentment," we hold that the trial court properly granted the defendant's motion to dismiss.

## I

The plaintiff is a private citizen who is attempting to act as a representative of persons who she claims are dissatisfied with the statewide grievance committee's handling of their complaints. The plaintiff herself has not filed a grievance complaint against an attorney since 1985. While we laud the plaintiff's concern for assuring that all attorneys in Connecticut conduct themselves in accordance with applicable ethical standards, she has not, under our long established doctrine of standing, presented a justiciable controversy before this court.

"Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of sub-

panel. The state-wide bar counsel shall give notice of such referral to the complainant and the respondent by certified mail, return receipt requested."

stantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. See, e.g., *Baker* v. *Carr,* 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962); *Stern* v. *Stern,* 165 Conn. 190, 192, 332 A.2d 78 (1973). These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a 'personal stake in the outcome of the controversy'; *Shaskan* v. *Waltham Industries Corporation,* 168 Conn. 43, 49, 357 A.2d 472 (1975); *Baker* v. *Carr,* supra, 204; provides the requisite assurance of 'concrete adverseness' and diligent advocacy." *Maloney* v. *Pac,* 183 Conn. 313, 320–21, 439 A.2d 349 (1981). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. See *Housing Authority* v. *Local 1161,* 1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984)." *Christ-Janer* v. *A. F. Conte & Co.,* 8 Conn. App. 83, 90, 511 A.2d 1017 (1986).

We conclude that the plaintiff has not established a colorable claim of *direct* injury. She is simply a member of the general public who has not demonstrated how she was harmed in a unique fashion by the present structure and functioning of the statewide grievance process. We therefore hold that the trial court correctly concluded that it was without subject matter jurisdiction to hear the plaintiff's "Complaint/Presentment."

## II

Furthermore, we hold that the trial court correctly ruled that the plaintiff could not directly present an attorney to the Superior Court for discipline, but rather

was required to follow the grievance procedure as set forth in § 51-90e. The plaintiff argues, however, that § 51-90e confers upon her the right to file a presentment against an attorney directly in the Superior Court because it provides in part: "Any person may file a written complaint alleging attorney misconduct." The plaintiff, however, ignores the remaining portion of § 51-90e that states: "A complaint against an attorney *shall* be filed with the state-wide bar counsel." (Emphasis added.) The use of the word "shall" connotes that the requirement is mandatory rather than permissive. *Caulkins* v. *Petrillo,* 200 Conn. 713, 717, 513 A.2d 43 (1986). The statute is clear and unambiguous, and therefore is not subject to modification by means of construction. *Hayes* v. *Smith,* 194 Conn. 52, 57–58, 480 A.2d 425 (1984). Thus, the trial court correctly ruled that the plaintiff could not directly present an attorney to the Superior Court for discipline.

The judgment is affirmed.

In this opinion the other justices concurred.