[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CROSS-MOTION FOR SUMMARY JUDGMENT
The plaintiff, Adelaide Kagan, a family home care registrant, brings the present action against Elliot A. Ginsberg in his official capacity as the Commissioner of the Department of Human Resources (Commissioner). Plaintiff seeks a court order overruling the Commissioner's refusal to release information relative to child abuse that it has within its file on plaintiff as a family day care home registrant. The Commissioner claims that the information is exempt from disclosure. Plaintiff seeks disclosure pursuant to the Personal Data Act, General Statutes 4-190 et seq. In addition to plaintiff's statutory claim, plaintiff alleges that defendant's actions violate plaintiff's rights to due process and equal protection under the Connecticut and federal constitutions.
Plaintiff previously attempted to obtain access to information contained within the file by bringing her claim before the Freedom of Information Commission under the Freedom of Information Act, General Statutes 1-15 et seq. The Freedom of Information Commission held that the Commissioner correctly relied on General Statutes 17-38a(g) when he withheld information relative to child abuse. See Defendant's Exhibit 1. Plaintiff did not appeal that decision. CT Page 1943
On October 9, 1990, plaintiff filed a certification that the pleadings were closed. Pursuant to Practice Book 379, both parties filed motions for summary judgment and the appropriate legal memoranda.
"Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. However, `[wh]enever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion.'" Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702 (1989) (Citations omitted) (emphasis supplied). Practice Book 145 provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
"Standing to pursue a particular action focuses on the party seeking to bring his complaint before the court and not on the issues that he raises." Mystic Marine Life Aquarium, Inc. v. Gill, 179 Conn. 483, 492, 400 A.2d 726 (1978).
 Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented.
Monroe v. Horwitch, 215 Conn. 469, 472-73, 576 A.2d 1280 (1990) (Citations omitted). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." Id. 473. (Citations omitted).
General Statutes 4-194(b) of the Personal Data Act provides:
 If an agency refuses to disclose personal data to a person and the nondisclosure is not mandated by law, the agency shall, at the written request of such person, permit a qualified medical doctor to review the personal data contained in the person's record to determine if the personal data CT Page 1944 should be disclosed. If disclosure is recommended by the person's medical doctor, the agency shall disclose the personal data to such person; if nondisclosure is recommended by such person's medical doctor, the agency shall not disclose the personal data and shall inform such person of the judicial relief provided under section 4-195. (Emphasis added).
General Statute 4-195 provides in part: "If disclosure of personal data is refused by an agency under section 4-194, any person aggrieved thereby may within thirty days of such refusal, petition the superior court. . . ." (Emphasis added).
In the instant case plaintiff purports to plead under General Statutes 4-195. However plaintiff has failed to allege in her pleadings that a medical doctor has reviewed her file and recommended its disclosure by the Commissioner to the plaintiff. Because plaintiff's pleadings fail to demonstrate that there has been compliance with the procedure set forth under 4-19, a procedure which is a prerequisite to obtaining relief under 4-195, plaintiff's pleadings do not bring her within the purview of the statute, and therefore, plaintiff has no standing to bring this action pursuant to the Personal Data Act. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377
(1988).
Under those circumstances, plaintiff's constitutional claims, which are based on defendant's duty pursuant to 4-194, need not be addressed. Accordingly, the pending action is dismissed pursuant to Practice Book 145.
SCHALLER, JUDGE