[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In an amended complaint, the plaintiff alleges that she was caused to trip and fall to the floor while a business invitee on defendant's property, thereby sustaining certain injuries and losses. The fall was alleged to be the result of a defective condition in the carpeting and sub-flooring of the area where the plaintiff tripped, namely, a bent nail or metal fastener that had worked loose from the sub-flooring and protruded through the carpeting, thereby constituting a tripping hazard.
The fall occurred during the course of plaintiff's employment as an adjuster for Zurich Insurance Company on premises leased by the employer from the defendant. The employer filed an intervening CT Page 234-A complaint and the defendant filed separate answers to each complaint. The defendant also filed a counterclaim against the intervening plaintiff, alleging, in the first count, contractual indemnification pursuant to the provisions of a lease between defendant and intervening plaintiff; the second count alleged common law indemnification.
The claim of contractual indemnification arises from the lease provision wherein the intervening plaintiff is liable to indemnify and hold harmless the defendant from any and all sums that he may be found liable to pay the plaintiff, including any costs and reasonable attorney fees incurred in defense of any action in damages for injuries and losses due to the negligence of the intervening plaintiff. The first count alleges that any injuries and losses suffered by the plaintiff were due to the carelessness and negligence of the intervening plaintiff in that a) it failed to notice the alleged defect in the carpet of the leased premises when it knew or should have known of its existence; b) it failed to make proper and reasonable inspection of the leased premises; c) it failed to warn the plaintiff of the alleged defect; and d) it failed to maintain the leased premises.
The second count alleges that the intervening plaintiff's negligence and/or carelessness was the direct and proximate cause of any injuries or losses to the plaintiff. The intervening CT Page 234-B plaintiff is alleged to have been in exclusive control of the leased premises; therefore, defendant had no reason to know about the intervening plaintiff's negligence and/or carelessness, had no reason to anticipate it, and could reasonably rely upon the intervening plaintiff not to be negligence and/or careless.
The defendant filed a separate claim for apportionment against the intervening plaintiff and incorporated that claim as well as the allegations of his counterclaim in his "answer and special defense" to an amended intervening complaint.
The plaintiff filed a motion for summary judgment on the defendant's counterclaim and claim of apportionment, thereby raising a question of standing. The plaintiff, admittedly not a party in the action on the counterclaim, nevertheless asserts that she has standing to challenge defendant's counterclaim because it creates a conflict with her claim of negligence against the defendant. In this contention, the plaintiff relies upon the holding in Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989).
"Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . A court must have jurisdiction to determine its own jurisdiction once that has been put in issue." Golden HillCT Page 234-CPaugussett Tribe of Indians v. Southbury, 231 Conn. 563, 570-71
(1995). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) Monroe v. Horwitch,215 Conn. 469, 473 (1990).
"When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue. . . ." (Internal quotation marks omitted.) "[Standing is] ordinarily held to have been met when a complainant makes a colorable claim of direct injury he . . . is likely to suffer. . . ." (Internal quotation marks omitted.) Malerba v. CessnaAircraft Co., supra, at 192. In order to determine whether the counterclaim, together with the parties it draws into the action, creates a risk of direct injury to the plaintiff Dutra, the court must consider as "injury", any procedural injury to the cause of action and view the counterclaim in the light of Practice Book § 117
Section 117 provides, in part, that a third party complaint shall be equivalent in all respects to an original . . . complaint, and that the third-party defendant shall have available to him all remedies available to an original defendant . . . and may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim and may assert any claim against the CT Page 234-D plaintiff arising out of the transaction or occurrence which is the subject matter of the original complaint. In Malerba, the facts led the court to conclude that the plaintiff had standing to move to strike the third-party complaint because "[t]he addition of two defendants . . . creates at least a colorable claim of a likelihood of injury to the plaintiff's cause of action." Malerba v. CessnaAircraft Co., supra, at 193.
The plaintiff's assertion that she has standing to challenge the defendant's counterclaim ignores, in the first instance, the fact that the allegations are founded upon a contractual relationship between the parties to which the plaintiff was not privy. Nor is any claim made that the plaintiff is in a class intended as beneficiaries of the landlord-tenant agreement. Rather, plaintiff's claim is based on an assertion that the counterclaim conflicts with plaintiff's claims against the defendant. Malerba, supra, neither supports nor addresses such a claim.
In determining whether one whose standing is at issue is a proper party to request adjudication by the court, Malerba held that "[s]tanding is ordinarily held to have been met when a complainant makes a colorable claim [that complainant is likely to suffer some direct injury]. . . . The question then is whether the third party complaint and the parties it draws into the action create a risk of direct injury to the original plaintiff." MalerbaCT Page 234-Ev. Cessna Aircraft Co., supra, 193.
The plaintiff in this action has failed to meet the threshold for standing that would allow a determination on the merits of her motion for summary judgment as to the counterclaim. The court is without subject matter jurisdiction and, accordingly, the motion for summary judgment addressing the defendant's counterclaim is dismissed.
Prior to the filing of this motion for summary judgment, the intervening plaintiff filed a motion to strike the defendant's claim for apportionment. That motion was granted by the court (Hadden, J.) on the grounds that a claim of apportionment should not be part of the counterclaim since it does not seek affirmative relief. Furthermore, the court instructed the defendant to file a separate pleading entitled "`Claim of Apportionment'" in order to address the claim that, pursuant to the provisions of Section 52-572a
of the General Statutes, the intervening plaintiff shares some or all of the responsibility for the plaintiff's injuries and losses. (See, #119).
The court's ruling must be treated as the law of the case regarding the prescribed procedure. The court (Hadden, J.) did not, however, address the issue of whether a claim of apportionment should be barred against the employer because it is based on, CT Page 234-F negligence. The plaintiff raises this issue in her motion for summary judgment. The defendant has made the claim in two separate pleadings and the parties have traced decisions from Ferryman v.Groton, 212 Conn. 138 (1989) through Durniak v. August Winter Sons, Inc., 222 Conn. 775, (1992), in arguing whether the exception to the bar of the exclusivity provision of the workmen's compensation statute is applicable.
The plaintiff's motion for summary judgment as to the defendant's claim for apportionment against the intervening plaintiff is denied. The plaintiff presented no documentation or affidavits to establish that she was employed by the intervening plaintiff at the time of the alleged accident. Nor was any documentation or affidavits presented to support the claim that, as a result of the alleged accident, she was an employee injured in the course of her employment and was paid workmen's compensation benefits for her injuries.
"As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796 (1995).
Gray, J. CT Page 234-G