[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY #115)
On July 11, 1997, the plaintiff, Aquarion Company, filed a two-count complaint against the defendants, Larry Wayne Taylor (Taylor) and Road Runner Trucking, Inc. The plaintiff alleges the following facts. On July 24, 1995, Taylor was operating a truck with the permission of his employer and within the scope of his employment when he struck a fire hydrant owned by the City of Bridgeport causing flooding and damage to streets, sidewalks and curbs in the City of Bridgeport. Accordingly, Bridgeport ordered the plaintiff to perform repairs. The plaintiff further alleges that it has expended significant sums of money to repair the damage caused by Taylor's collision.[1]
Count one sounds in negligence and count two sounds in equitable subrogation. The defendants filed their answer and four special defenses on October 1, 1998, and the plaintiff filed a reply on November 19, 1998. On January 27, 1999, the defendants filed a motion for summary judgment as to both counts of the plaintiff's complaint.[2]
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). The moving party has the burden of showing the absence of any genuine issue of CT Page 9512 material facts. Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996)
First, the defendants move for summary judgment on the ground that the plaintiff lacks standing because it fails to assert a colorable claim of direct injury suffered. The plaintiff contends that it has standing because it has suffered a direct pecuniary loss as a result of Taylor's negligence.
Standing is the legal right to set judicial machinery in motion. Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 411,722 A.2d 271 (1999). A complaining party ordinarily can show that it is a proper party when it makes a colorable claim of a direct injury it has suffered or is likely to suffer, in an individual or representative capacity. Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 553-54, 698 A.2d 245
(1997). A colorable claim of a pecuniary loss, regardless of its magnitude, satisfies this criterion for standing.American-Republican, Inc. v. Waterbury, 183 Conn. 523, 527,441 A.2d 23 (1981). See also, Gay Lesbian Law Students v. Board ofTrustees, 236 Conn. 453, 464, 673 A.2d 484 (1996) (the amount of the injury need not be great). Furthermore, where no direct legal duty is owed to the plaintiff and the plaintiff can at best claim an indirect injury as a result of the defendant's alleged acts, standing also does not exist. Paul S. Yoney v. Hosoital of St.Raphael, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 271006 (July 10, 1992, Katz, J.) (7 C.S.C.R. 894). Where a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause.Monroe v. Horwitch, 215 Conn. 469, 473, 576 A.2d 1280 (1990)
Here, the plaintiff has submitted the affidavit of Joseph Petrucelli, the Administrator of Utility Operations for Bridgeport Hydraulic Company (BHC), who avers that "[b]y agreement with the City, Bridgeport Hydraulic maintains, services and repairs the hydrant." (Petrucelli's Affidavit, ¶ 5). Petrucelli further averred that "[t]he total cost of repairs incurred by Bridgeport Hydraulic was in excess of $100,000. (Petrucelli's Affidavit, ¶ 6). There is apparently no pecuniary loss to the plaintiff here, however, because the plaintiff is entitled to full reimbursement from the City.[3] Therefore, despite Petrucelli's averments, no direct legal duty is owed to the plaintiff by Taylor and the plaintiff can at best claim an indirect injury as a result of Taylor's alleged act of hitting the hydrant. Because the plaintiff lacks standing, this court is CT Page 9513 without jurisdiction to adjudicate the merits of this case. Accordingly, this court is obliged to grant the defendants' motion for summary judgment.
With regard to the second count alleging the doctrine of equitable subrogation, the defendant's argument with which this court agrees is that plaintiff's reliance on this doctrine is misplaced.
The elements of a subrogation claim are: (i) a debt exists for which someone other than the subrogee is primarily liable; (ii) the subrogee discharges the debt for the protection of his own rights or interests, or at the request of the debtor or (iii) the funds of the person seeking subrogation have been wrongfully applied; or (iv) a third person receives a benefit. The fact that money is advanced to pay another's debt is not sufficient. The one seeking subrogation must be something more than a mere volunteer or intermeddler. 73 Am. Jur.2d, Subrogation § 11 (1974). The right of equitable subrogation takes place as a matter of equity, with or without an agreement to that effect. The object of equitable subrogation is the prevention of in justice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. Westchester Fire Ins. Co. v. Allstate Ins. Co.,236 Conn. 362, 371-72 (1996).
Here, the defendants have attached a portion of the tariff governing BHC. (Defendants' Motion for Summary Judgment, docket entry number 115, exhibit A.) Pursuant to the tariff, "[h]ydrants owned by the municipality [in this case Bridgeport] will be repaired by the Company [BHC] at the municipality's [Bridgeport's] expense upon written order from the appropriate municipal authority." (Defendants' Motion for Summary Judgment, docket entry number 115, exhibit B, p. 29, ¶ 4a.) Additionally, "[t]he Company [BHC] shall not be liable for any damage to person or property, sustained as a result of any break, failure or accident in or to its system or any part thereof, which is not due to the Company's [BHC] negligence, or which, being known to the customer was not reported by him in time to avoid such damage." (Defendants' Motion for Summary Judgment, docket entry number 115, exhibit B, P. 31, ¶ 2.)
It is undisputed that Bridgeport, pursuant to the tariff, ordered BHC to repair the damage caused by the aforementioned CT Page 9514 accident. (Complaint, Count two, ¶ 12; Defendants' Memorandum of Law, "Statement of Undisputed Material Facts", pp. 2-3.) However, no evidence has been submitted that Bridgeport ordered BHC to pay
for the repairs. The affidavit submitted by the plaintiff only attests that the City ordered BHC's Administrator of Utility Operations to make the repairs and that the total cost of the repairs was in excess of $100,000. (Petrucelli's Affidavit, ¶¶ 5, 6.) In fact, pursuant to the letter from the Department of Public Facilities to the Rates Budget Analyst of BHC, "[t]he City would make the repairs and seek compensation for the work that had to be done to restore the area in a manner consistent with existing city policies." ((Defendants' Motion for Summary Judgment, docket entry number 115, exhibit B.) BHC was only liable to repair the damages, but it was Bridgeport's duty to pay
for repairs to the hydrant. (Defendants' Motion for Summary Judgment, docket entry number 115, exhibit A.) If the plaintiff expended any monies for such repair, it acted as a volunteer. Furthermore, the plaintiff has failed to submit evidence that BHC has paid a debt for which the present defendants are primarily liable.
Based on the foregoing, the defendants' motion for summary judgment is hereby granted as to both counts.
MELVILLE, J.