[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiff, Dan Chain ("Chain"), a taxpayer of the Town of Cheshire ("Town"), has brought this lawsuit seeking injunctive relief restraining the Town from carrying out a demolition order directed toward a building located on Main Street in the Town of Cheshire known as the Cheshire Cinema. The Town has moved to dismiss Chain's lawsuit asserting that Chain will suffer no pecuniary or other great injury to himself and therefore lacks standing. The Town further asserts that this lack of standing deprives the court of subject matter jurisdiction thereby mandating dismissal. A hearing was held on the Town's motion to dismiss on November 8, 1999. For the reasons set forth herein, the motion to dismiss is granted.
Background
By letter dated July 31, 1997, Leonard Cunningham, Building Official for the Town of Cheshire, directed Sand Dollar Development Group LLC to make repairs to the Cheshire Cinema CT Page 16332 Building particularly with respect to the buildings's brickwork and roof. The order for repair was reissued on March 31, 1998 to Sand Dollar Development and the tenant in possession, Peter-Michael, Inc. When the repairs were still not made, Cunningham issued an order on August 24, 1998 directing the demolition of the building within thirty days.
The demolition order apparently resulted in an offer by the tenant to correct the violations of the Building Code. By letter dated September 29, 1998, Cunningham outlined the procedures to be followed regarding the repairs and stated that he would forbear taking further action to demolish the building. Problems developed, and on October 9, 1998 the tenant signed a document consenting to the demolition of the building after October 30, 1998.
Thereafter, the Town commissioned Cianci and Cianci, Consulting Structural Engineers, to inspect the building and advise as to what could be done to insure the public safety short of demolition. Based on this report, Cunningham "suspended" the demolition order. This suspension was subject to change based on further inspection for additional deterioration that might require additional work or demolition to protect the public safety. Cunningham notified the owners and tenants of this suspension of the demolition order by letter dated August 11, 1999. This lawsuit was commenced by complaint dated August 25, 1999.
In support of its motion to dismiss, the Town has submitted copies of the above correspondence as well as an affidavit from Cunningham. In his affidavit, Cunningham states, 1) that he is the Building Official for the Town; 2) that he issued the notices and orders summarized above and 3) that on August 11, 1999 he issued a notice stating that his intention to demolish the building was suspended. The affidavit goes on to state:
 "Therefore, I do not have a pending order to demolish the building at 280-282 South Main Street, Cheshire, Connecticut nor do I intend to cause the town to demolish the structure."
Discussion
A motion to dismiss may properly assert a lack of subject matter jurisdiction. See Practice Book § 10-31. If a party lacks standing, the court is without subject matter jurisdiction to CT Page 16333 determine the cause. Monroe v. Horwitch, 215 Conn. 469, 473
(1990). Where, as here, the defendant is a municipal corporation, a party's status as a taxpayer alone, without a demonstration of a tangible injury, does not confer standing. Alarm ApplicationsCo., Inc. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 548
(1980). The plaintiff must prove some pecuniary or other great injury to himself in addition to his status as a taxpayer.Bassett v. Desmond, 140 Conn. 426, 439 (1953).
The Town asserts two reasons that it claims defeats Chain's standing. First, they claim that even if the Town had to expend taxpayer funds to demolish the building, it could recover such costs from the owner pursuant to General Statutes § 49-73b(a) and (b). Second, that the demolition order is no longer in effect.
As to the first reason, Chain argues that a potential to recoup the demolition costs does not make the present expenditure of taxpayer money any less a reality. In this regard, Chain is correct. The provisions of § 49-73b do not defeat Chain's standing. As to the second reason, Chain asserts that the August 11, 1999 letter from Cunningham does not rescind the demolition order but, in effect, leaves the door open to have demolition done if reinspection so requires.
It is true, as Chain argues, that the August 11, 1999 letter from Cunningham leaves open the possibility of demolition based on future events. This, however, is no different than the Town's continuing right and responsibility to inspect and potentially demolish structures in order to protect the public safety. In this sense, the Cheshire Cinema building is no different than any other building in Cheshire. Moreover, when read in conjunction with Cunningham's affidavit, it is clear that there is no pending order to demolish the building nor any present intent to cause such demolition. A fair reading of the affidavit filed in this case is that whatever demolition orders were previously issued have been rescinded.
Since Chain's standing turned on the expenditure of taxpayer money to carry out the demolition order, the rescission of the order negates both the potential expenditure of public funds to effectuate the earlier order, and also Chain's standing. On the present record, Chain has not established the requisite pecuniary or other tangible injury for standing.
For the reasons set forth above, the motion to dismiss is CT Page 16334 granted.
So Ordered at New Haven, Connecticut, this 17th day of December, 1999.
Devlin, J.