[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, the town of Columbia, moves to dismiss this action by the plaintiffs seeking injunctive relief. On September 25, 2000, the court held a hearing on this motion and finds the following facts.
In the 1950's a private citizen donated approximately twenty acres of land located on the south side of Route 66 to the Columbia Volunteer Fire Department (Department). On December 9, 1999, a bonding resolution to finance the construction of a new firehouse on this land at a cost of $2,300,000 to the town was approved by referendum. The resolution also provided that the land would be conveyed by quitclaim deeds to the town. On May 25, 2000, the land was conveyed subject to a restriction that about 11.8 acres remain open space. Also, the town leased the property back to the Department for fifty years for $1, renewal be every fifty years for an additional 200 years.
The plaintiff's suit claims that the restriction and lease arrangement go beyond the terms of the bonding resolution and are, therefore, improper. Both plaintiffs are taxpayers and voters in Columbia. They seek to enjoin the town from selling bonds to finance the project, to require the town to accept only quitclaim deeds without the restriction noted above, to require the Department to convey other property to the town, and to shorten the term of the lease and renewal period.
The defendant contends that the plaintiffs lack standing to bring such an action. CT Page 11942
A lack of standing deprives the court of jurisdiction to decide the case, Monroe v. Horwitch, 215 Conn. 469, 473 (1990). The burden of proving standing to bring an action rests on the plaintiff, Sadloski v.Manchester, 235 Conn. 637, 647 (1995). The plaintiffs argue they possess standing to bring this action because, as taxpayers and voters, they are aggrieved by the decision of the town to accept quitclaim deeds with the open space restriction and entering the lease agreement with the Department.
 I
As to taxpayer standing, the mere status of the plaintiffs as taxpayers fails to confer standing automatically, Sadloski v. Manchester, supra. The plaintiffs must allege and prove that there exists a realistic possibility that the municipal action under attack directly or indirectly will increase their taxes, Id.
The court finds that the plaintiffs' assertions in this regard are pure conjecture. The plaintiffs do not assail the $2, 300, 000 cost of the project. They speculate that someday the town might find an economically advantageous use for the property that will be foreclosed by the deed restrictions and lease arrangement. The court finds that the plaintiffs have failed to demonstrate that the presence of the open space condition and leasing agreement presents any realistic possibility that their taxes will rise over that which would exist without such open space condition and lease.
 II
As to voter standing, the plaintiffs rely on the holding of WindhamTaxpayers Association v. Board of Selectman, 234 Conn. 513 (1995), to support their claim of standing. In that case, the plaintiffs sought a mandamus to compel the selectmen to hold a referendum to rescind a previously approved project to construct a new school. Our Supreme Court ruled that those plaintiffs had standing as voters because they were eligible to vote in such an allegedly mandated referendum, Id., 526. The potential deprivation of the right to vote cloaked the plaintiffs in that case with standing to seek a referendum.
Standing is a rule designed to ensure that the party instigating a lawsuit has a real interest in a genuine controversy, Windham TaxpayersAssn. v. Board of Selectman, supra, 525. Its purpose is not to keep aggrieved parties out of court, Id.
The mere status as a qualified voter in a town fails to confer standing to litigate each and every municipal action, however. The municipal CT Page 11943 conduct that is the subject of the suit must conceivably pertain to an infringement of the right to vote, Id. The court finds that the plaintiffs' complaint passes this test.
The plaintiffs contend that officials of the town of Columbia have engaged in agreements which fail to reflect the outcome of the referendum of December 9, 1999, in which the plaintiffs were eligible to participate. They allege that the municipality's actions subsequent to that referendum fall outside the purview of the bonding resolution which was passed. To possess standing the plaintiffs need only demonstrate a realistic possibility of injury to their voting interests and not a likelihood of success on the merits of their claim.
In the present case, the purported misconduct of the town is that its officials are ignoring the outcome of the referendum which was the source of authority for municipal action. The redress sought is to rectify that misconduct and force compliance with the referendum. Whether the plaintiff can prove these allegations is immaterial.
The motion to dismiss is, therefore, denied.
Sferrazza, J.