[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
The plaintiff, International Union of Elevator Constructors, Local 91 (union), brings this lawsuit against the defendants, the State Elevator Installation, Repair and Maintenance Board (board),[1] the Department of Consumer Protection, James T. Fleming, Richard Maloney, Richard Hurlbut and Paul Farnsworth.[2] The union represents persons employed in the elevator industry. The board is responsible, inter alia, for reviewing applications for licensing examinations, issuing licenses and administering the examination for an unlimited journeyman elevator license (R-2 examination). General Statutes § 20-330 et seq.[3]
The plaintiff seeks an injunction, a writ of mandamus and damages pursuant to a claimed violation of article first, § 20, of the constitution of Connecticut and the fourteenth amendment to the United States constitution, arising out of what the plaintiff claims to be the unlawful approval of Alfred J. Bissonette's application to take the R-2 examination. "An unlimited journeyman's license may be issued to any person who has completed a bona fide apprenticeship program, including not CT Page 2427 less than four years experience in the trade for which such person seeks a license, and has demonstrated such persons competency to perform all services included in the trade for which a license is sought by successfully completing the applicable state licensure examination." General Statutes § 20-334a (a)(2)(A).
The plaintiff alleges that pursuant to the applicable regulations, "[a] person must have completed a two-year, four thousand (4,000) hour, elevator apprenticeship program or have equivalent experience to qualify for the R-2 examination." Regs., Conn. State Agencies § 20-332-3 (b). The plaintiff also claims that "the elevator industry, unlike other occupational trades, does not have a formal apprenticeship program." Verified Complaint, ¶ 12. In place of the apprenticeship requirement, however, the board accepts the completion of modules one through eight of the National Elevator Industry Educational Program (NEIEP). Id. The plaintiff further claims that, pursuant to General Statutes § 20-334 and § 20-332-15a (e)(4) of the Regulations of Connecticut State Agencies, a person working as an elevator helper must be registered with the board. Id., ¶ 13.
In essence, the plaintiff alleges that in approving Bissonette's application to take the R-2 examination, the board violated its own rules as well as the applicable statutes and regulations regarding qualifications and experience. Specifically, the plaintiff claims that even though Bissonette had not completed the NEIEP program, was not registered with the board as a elevator helper, and had only worked with "accessibility equipment, such as wheelchair lifts, rather than elevators," the board approved his application to take the R-2 examination. Id., ¶¶ 13-18.
The defendants move to dismiss the verified complaint on the grounds that the plaintiff lacks standing. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowlingv. Slotnik, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017,119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v. Ganim,241 Conn. 546, 552, 698 A.2d 245 (1997). CT Page 2428
 I
Although they couch it in terms of standing, the defendants first argue that the court lacks subject matter jurisdiction because the board's consideration of an individual licensing application is not a contested case within the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. This argument is specious. It is true that an appeal of administrative agency's decision to the Superior Court is only available under the limited circumstances defined in the UAPA. However, the plaintiff invokes the jurisdiction of the court in pursuit of a mandamus action and an equal protection claim and not pursuant to the UAPA. Since there is no contested case" requirement involved in either of the plaintiff's claims, the defendants' motion to dismiss on this ground is denied.
 II
The defendants next claim in support of their motion to dismiss that the union lacks standing because its interests, as a third party, are not sufficiently impacted. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Internal quotation marks omitted.) Williams v.Commission on Human Rights Opportunities, 257 Conn. 258, 264-65,777 A.2d 645 (2001). "[S]tanding does not hinge on whether the plaintiff will ultimately be entitled to obtain relief on the merits of an action, but on whether he is entitled to seek the relief." Pinchbeck v. Dept. ofPublic Health, 65 Conn. App. 201, 205, 782 A.2d 242 (2001). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." Monroe v. Horwitch,215 Conn. 469, 473, 576 A.2d 1280 (1990). See also Gay Lesbian LawStudents Assn. v. Board of Trustees, 236 Conn. 453, 465 n. 8, 673 A.2d 484
(1996).[4]
The Connecticut Supreme Court has held that both federal and state law have authorized associations, under certain circumstances, to bring lawsuits on behalf of their members. "This court has recognized representational standing in accordance with the holdings of the United CT Page 2429 States Supreme Court. [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. [Hunt v. Washington State Apple Advertising Commission,432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)]. . . .Connecticut Assn. of Health Care Facilities, Inc. v. Worrell,199 Conn. 609, 616, 508 A.2d 743 (1986). . . ." (Internal quotation marks omitted.) Connecticut Associated Builders Contractors v. Anson,251 Conn. 202, 209, 740 A.2d 804 (1999). As to count one, the court finds that the union satisfies the three-pronged test; however, as to count two, because the union claims damages for the individual members, the union fails to satisfy the third prong of the test for representational standing.
As to the first prong, "individual members of the union would otherwise have standing if they first "demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, [they] . . . must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . ." (Internal quotation marks omitted.)Med-Trans of Connecticut, Inc. v. Dept. of Public Health AddictionServices, 242 Conn. 152, 158-59, 699 A.2d 142 (1997). For purposes of this motion, the defendants concede that individual licensed members of the plaintiff have a specific personal and legal interest in the subject matter of the decision in question so that this portion of the first element of representational standing is satisfied. (Defendants' Memorandum, p. 8.) As to whether their "personal and legal interest has been specially and injuriously affected" the court finds that failing to follow the regulations and statutes established to govern a specific occupation may cause injury to individual members in that profession. SeeState Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295,303, 524 A.2d 636 (1987) (member of profession always has standing to prevent improper invasion of profession).
The second prong of the representational standing test, concerning whether the interests the union seeks to protect are germane to the union's purpose, has also been satisfied. Certainly, a primary function of a union is to protect the interests of its members. Such interests obviously include regulation and control of the qualifications of members of the trade. See Local 818 of Council 4, AFSCME, AFL-CIO v. East Haven,42 Conn. Sup. 227, 238, 614 A.2d 1260 (1992) (court acknowledged importance of union being allowed to vindicate rights of its members by preventing municipal commission from violating state law, city charter or CT Page 2430 collective bargaining agreement); see also International Assn. ofFirefighters v. Bridgeport Civil Service Commission, Superior Court, judicial district of Fairfield, Docket No. 302995 (February 15, 1995,Levin, J.) (court acknowledged representational standing for firefighter's union to object to scheduling of promotional examination and qualifications of persons permitted to take examination).
Finally, as to count one, the court is satisfied that the union can effectively prosecute and obtain the requested relief without the participation of the individual members. "[T]he propriety of accepting [r]epresentational standing depends in substantial measure on the nature of the relief sought. If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured. . . ." (Internal quotation marks omitted.) Connecticut Associated Builders Contractors v. Anson, supra, 251 Conn. 210. In count one, the union seeks an injunction and a writ of mandamus to require the board to comply with state law and its own regulations. Such relief will certainly inure to the benefit of the members of the association actually injured. Therefore, the court is confident that these claims can be presented adequately by the union and will not require the participation of individual union members.
As to count two, however, the verified complaint alleges that union members have "suffered damages, including, but not limited to, lost opportunities for employment as unlimited journeymen, loss of wages at the higher rate paid to unlimited journeymen, and lost opportunities for advancement." Verified Complaint, ¶ 26. Because the plaintiff seeks money damages for these alleged injuries, proof relating to the variant experiences of individual members resulting from the board's actions will be necessary, requiring the participation of individual members in the lawsuit. See State Medical Society v. Board of Examiners in Podiatry, supra, 203 Conn. 305; Connecticut Assn. of Health Care Facilities, Inc.v. Worrell, 199 Conn. 609, 617, 508 A.2d 743 (1986). Therefore, insofar as count two is concerned, the court finds that the union fails to satisfy the third prong of the representational standing test and thus lacks standing to advance a claim for damages on behalf of individual members.
 CONCLUSION
For the reasons outlined above, the defendants' motion to dismiss count one is denied and the motion to dismiss count two is granted.
Peck, J. CT Page 2431