SCOTT LEWIS *v.* CHRISTOPHER SLACK ET AL.
(AC 29262)

McLachlan, Gruendel and Harper, Js.

Argued May 28—officially released September 30, 2008

*Scott Lewis*, pro se, the appellant (plaintiff).

*Peregrine Zinn Rowthorn*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellees (defendants).

GRUENDEL, J. The pro se plaintiff, Scott Lewis, appeals from the judgment of the Superior Court dismissing, for lack of subject matter jurisdiction, his appeal from a decision of the statewide grievance committee (committee). The dispositive issue is whether the plaintiff had standing to pursue that appeal. We affirm the judgment of the Superior Court.

On March 27, 2007, the plaintiff filed with the committee a complaint concerning the conduct of the defendant Christopher Godialis, an assistant state's attorney, in the plaintiff's direct appeal of his criminal conviction before our Supreme Court. See *State* v. *Lewis*, 245 Conn. 779, 717 A.2d 1140 (1998). On April 27, 2007, the New Britain judicial district grievance panel dismissed the complaint for lack of probable cause. The decision stated in relevant part: "[T]he panel finds *no probable cause* to conclude that [Godialis] violated any of the potentially applicable Rules of Professional Conduct in this matter  . . . . Based on this determination, the panel has dismissed the complaint. This dismissal constitutes a *final* decision and there shall be *no review* of the matter by the [committee]. . . . [W]hile this decision is surely disappointing to the complainant, it must be understood that Connecticut law provides that this decision is *not* subject to any further review." (Emphasis in original.) The plaintiff nevertheless requested further review of that decision by the committee. In a letter dated May 14, 2007, the committee informed the plaintiff that "the rules governing the attorney grievance process provide for no further review of your dismissed

complaint." Pursuant to Practice Book § 2-38, the plaintiff then filed a petition for judicial review with the Superior Court.[1] That pleading named Christopher Slack, first assistant bar counsel to the committee, Beth Cvejanovich, counsel for the New Britain judicial district grievance panel, and Godialis as defendants. In response, the defendants filed a motion to dismiss for lack of subject matter jurisdiction, which the court granted following argument thereon. From that judgment, the plaintiff appeals.

On appeal, the plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction over his appeal. We disagree.

"[A] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [Our Supreme Court] has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time. . . . [T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Moreover, [t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. . . . Standing . . . is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts

---

[1] The plaintiff's pleading was titled "Appeal to Superior Court." Although the plaintiff characterized the pleading as an "administrative appeal," it expressly challenged the decision of the committee pursuant to Practice Book § 2-38.

and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Citations omitted; internal quotation marks omitted.) *Webster Bank* v. *Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 574, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998). Our review of the question of the plaintiff's standing is plenary. See *West Farms Mall, LLC* v. *West Hartford*, 279 Conn. 1, 12, 901 A.2d 649 (2006).

"To be entitled to invoke the judicial process, a party must have suffered an aggrievement." *Kelly* v. *Dearington*, 23 Conn. App. 657, 660, 583 A.2d 937 (1990). "Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest. . . . Statutory aggrievement . . . exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *McWeeny* v. *Hartford*, 287 Conn. 56, 64–65, 946 A.2d 862 (2008). We address each in turn.

The plaintiff has presented no plausible statutory basis in support of his claim of aggrievement. The General Statutes do not provide for appellate review of a

decision of the committee. Although he characterized his pleading as an "administrative appeal," our Supreme Court has rejected attempts to appeal from a decision of the committee pursuant to the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., concluding that subject matter jurisdiction is lacking thereunder. *Sobocinski* v. *Statewide Grievance Committee*, 215 Conn. 517, 526–27, 576 A.2d 532 (1990). The plaintiff's contention that General Statutes § 51-197b (a) confers standing is equally untenable. That statute, titled "administrative appeals," merely provides that "[e]xcept as provided in § 31-301b, all appeals that may be taken from administrative decisions of officers, boards, commissions or agencies of the state or any political subdivision thereof shall be taken to the Superior Court." General Statutes § 51-197b (a). Put simply, § 51-197b (a) does not create any right of appeal.

By contrast, our rules of practice expressly permit appellate review of the committee's decision in certain circumstances. Practice Book § 2-38 (a) provides in relevant part: "*A respondent* may appeal to the superior court a decision by the statewide grievance committee or a reviewing committee reprimanding the respondent . . . ." (Emphasis added.) As the defendants note in their brief, neither Practice Book § 2-38 nor any other section of the rules of practice permits an appeal by a complainant of the dismissal of a grievance complaint. In addition, when the grievance panel dismisses a given complaint due to lack of probable cause, our rules of practice provide that, absent an allegation in the complaint that the respondent committed a crime, "[s]uch dismissal shall be final and there shall be no review of this matter by the [committee] . . . ."[2] Practice Book

[2] It is the responsibility of the appellant to provide this court with an adequate record for review. See Practice Book § 61-10; *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005). The plaintiff's grievance complaint is not contained in the record before us, which precludes a determination as to whether it involved allegations of criminal conduct.

§ 2-32 (i) (2). Those rules indicate that a complainant generally is not permitted to appeal from the committee's dismissal of the complaint.

Relying on our recent decision in *Brunswick* v. *Statewide Grievance Committee*, 103 Conn. App. 601, 931 A.2d 319, cert. denied, 284 Conn. 929, 934 A.2d 244 (2007), the plaintiff posits that the inherent authority of the judges of this state to regulate attorney conduct and to discipline the members of the bar vests in the Superior Court the jurisdiction to review an appeal from a complainant whose grievance complaint is dismissed for lack of probable cause. The plaintiff misreads that precedent. In *Brunswick*, we emphasized the committee's "unique status as an arm of the court"; it is not an administrative body. Id., 610. We explained that because our courts possess an inherent supervisory authority over attorney conduct, they necessarily retain jurisdiction to review an order of the committee disciplining an attorney. Id., 608; see also *Pinsky* v. *Statewide Grievance Committee*, 216 Conn. 228, 232, 578 A.2d 1075 (1990).[3] *Brunswick* did not address judicial review of

Furthermore, the grievance panel's decision makes no mention of any allegation of criminal activity on the part of Godialis.

[3] The plaintiff also relies on dictum in *Pinsky* v. *Statewide Grievance Committee*, supra, 216 Conn. 228, to bolster his proposition that the court's inherent supervisory power to regulate attorney conduct vests in it the jurisdiction to review his appeal. At issue in *Pinsky* was "whether an attorney has the right to appeal a reprimand issued by the defendant to the Superior Court . . . ." Id., 229. Answering that question affirmatively, the court held that although "there is no statutory right of appeal from a reprimand . . . the trial court has authority to review such an order by virtue of its inherent supervisory authority over attorney conduct." Id., 232.

In a footnote, the court observed: "It is not clear that the [complainant] plaintiff in *Sobocinski* [v. *Statewide Grievance Committee*, supra, 215 Conn. 517] could have used this equitable avenue to obtain judicial review of the decision of the defendant dismissing her complaint against her former attorney from which she had appealed pursuant to General Statutes § 4-183. As a complainant, her interest in that decision was not equivalent to the right of an attorney, such as this plaintiff, in preserving his professional reputation. There may be situations, however, where a decision of the defendant so affects the constitutionally protected interests of a complainant that

the dismissal of a complaint by the committee or its local grievance panel. Furthermore, just as our judges exercised their inherent supervisory authority by "authoriz[ing] grievance panels and reviewing committees to investigate allegations of attorney misconduct and to make determinations of probable cause"; *Statewide Grievance Committee* v. *Presnick*, 215 Conn. 162, 167, 575 A.2d 210 (1990); the judges of this state, in adopting Practice Book §§ 2-32 and 2-38, have circumscribed the right of appeal from committee decisions.

Neither the General Statutes nor our rules of practice confer standing on a complainant to appeal from the committee's dismissal of a complaint to the Superior Court. As such, the plaintiff is not statutorily aggrieved.

We further conclude that the plaintiff has not established classical aggrievement. The plaintiff argues that his appeal is brought "on the basis that he shared a public interest in the matter . . . ." Our Supreme Court rejected a similar claim of aggrievement in *Monroe* v. *Horwitch*, 215 Conn. 469, 473, 576 A.2d 1280 (1990), holding that a party who was "simply a member of the general public who has not demonstrated how she was harmed in a unique fashion" by the conduct she had challenged had failed to establish "a colorable claim of direct injury," and thus lacked standing to maintain the action. It is well settled that "the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such

an appeal to court may be warranted." *Pinsky* v. *Statewide Grievance Committee*, supra, 216 Conn. 234 n.4. "It is well established that statements in prior cases that constitute dicta do not act as binding precedent." *Remax Right Choice* v. *Aryeh*, 100 Conn. App. 373, 378, 918 A.2d 976 (2007), and cases cited therein. Moreover, the plaintiff has asserted no constitutionally protected interest in the present case. Cf. *Linda R. S.* v. *Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

as is the concern of all members of the community as a whole." (Internal quotation marks omitted.) *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 638, 662 A.2d 1251 (1995); see also *Wesley* v. *Schaller Subaru, Inc.*, 277 Conn. 526, 538, 893 A.2d 389 (2006); *Eder Bros., Inc.* v. *Wine Merchants of Connecticut, Inc.*, 275 Conn. 363, 369–70, 880 A.2d 138 (2005). The plaintiff has not alleged or demonstrated a specific, personal and legal interest in the decision of the committee as to whether to discipline Godialis. Accordingly, the plaintiff has failed to establish either classical or statutory aggrievement in the present case. The court properly dismissed his appeal for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.