******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBERT ROUSSEAU *v.* STATEWIDE
GRIEVANCE COMMITTEE ET AL.
(AC 37728)

Gruendel, Alvord and West, Js.

*Argued October 22, 2015—officially released March 15, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Elgo, J.)

*Robert Rousseau*, self-represented, the appellant
(plaintiff).

*Elizabeth M. Rowe*, assistant bar counsel, for the
appellee (named defendant).

*Michael K. Skold*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant Grievance Panel for
the New Britain Judicial District and Judicial District
of Hartford for Geographical Area Twelve and the
Towns of Avon, Bloomfield, Canton, Farmington and
West Hartford).

*Opinion*

PER CURIAM. The plaintiff, Robert Rousseau, appeals from the judgment of the Superior Court dismissing his action[1] for lack of standing. The dispositive issue is whether the plaintiff had standing to pursue that action. We conclude that he did not,[2] and, therefore, we affirm the judgment of the Superior Court.

The plaintiff was involved in multiple civil proceedings with his former wife, who was represented in such proceedings by Attorney Richard P. Weinstein. On December 12, 2013, the plaintiff filed a grievance complaint with the defendant Statewide Grievance Committee[3] (committee) concerning the conduct of Weinstein in his role as an attorney during his representation of the plaintiff's former wife. Weinstein answered the grievance complaint asserting that the grievance should be dismissed, to which answer the plaintiff filed a reply. On March 29, 2014, the defendant local grievance panel[4] (panel) dismissed the complaint after it determined that no investigative hearing at the grievance panel level was necessary. The decision stated in relevant part, "[t]he panel in this matter does not conclude [that Weinstein] abused the legal process or knowingly misrepresented facts known to be untrue. . . . Based on this determination, the panel has dismissed the complaint. This dismissal constitutes a final decision and there shall be no review of the matter by the Statewide Grievance Committee." Nevertheless, the plaintiff requested further review of that decision by the committee. In a letter dated June 6, 2014, the committee explained to the plaintiff that pursuant to Practice Book § 2-32 (i) (2) it had no authority to review the dismissal of a grievance complaint by the panel.

On August 12, 2014, the plaintiff filed a writ of error, a writ of mandamus, and an injunction action. Through the writ of error, the plaintiff sought an order requiring the committee to conduct a formal hearing; all other demands for relief were addressed to the panel. Both defendants subsequently filed motions to dismiss the matter based on a lack of standing. The court subsequently granted the motions to dismiss. In its memorandum of decision the court stated, "[i]n support of their motion[s] to dismiss, the defendants cite to *Lewis* v. *Slack*, 110 Conn. App. 641, 955 A.2d 620, cert. denied, 289 Conn. 953, 961 A.2d 417 (2008). With facts almost precisely like the case at bar, the plaintiff sought relief from the Superior Court due to the grievance panel's failure to find probable cause of misconduct in its review of the plaintiff's grievance complaint against an attorney. The court in *Lewis* v. *Slack* [supra, 641] held that because Practice Book § 2-32 (i) (2) provides no right of review for dismissals, the plaintiff in that case lacked standing to bring his action and dismissed the complaint for lack of subject matter jurisdiction. Because this court is bound by the authority of *Lewis*

v. *Slack*, [supra, 641] this court grants the motions to dismiss." It is from that judgment that the plaintiff now appeals.

On appeal, the plaintiff claims that the court improperly dismissed his action and argues that he had standing to pursue an action challenging the decision of the panel. The defendants claim that the court did not err in dismissing the action pursuant to *Lewis* v. *Slack*, supra, 110 Conn. App. 643–44, and argue that *Lewis* is dispositive of the plaintiff's claim on appeal. We agree.

"[A] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [Our Supreme Court] has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time. . . . [T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Moreover, [t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. . . . Standing . . . is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . Our review of the question of the plaintiff's standing is plenary. . . .

"To be entitled to invoke the judicial process, a party must have suffered an aggrievement. . . . Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest. . . . Statutory aggrievement . . . exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Citations omitted; internal quotation marks omitted.) Id. We address each type of

aggrievement in turn.

The plaintiff has not presented any statutory basis in support of his claim of aggrievement. Furthermore, "[t]he General Statutes do not provide for appellate review of a decision of the committee. [Additionally], our Supreme Court has rejected attempts to appeal from a decision of the committee pursuant to the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., concluding that subject matter jurisdiction is lacking thereunder." *Lewis* v. *Slack*, supra, 110 Conn. App. 644–45. Although "our rules of practice expressly permit appellate review of the committee's decision in certain circumstances"; id., 645; there is no "section of the rules of practice [which] permits an appeal by a complainant of the dismissal of a grievance complaint." Id. "Neither the General Statutes nor our rules of practice confer standing on a complainant to appeal from the committee's dismissal of a complaint to the Superior Court." Id., 647. Therefore, we conclude that the plaintiff is not statutorily aggrieved.

We further conclude that the plaintiff has not established classical aggrievement. The plaintiff argues that he has a specific, personal, and legal interest that is based on the harm he allegedly suffered due to Weinstein's actions in the prior civil proceedings during which Weinstein represented the plaintiff's former wife. Nevertheless, the plaintiff has not alleged a specific, personal, and legal interest in the decision of the committee as to whether to discipline Weinstein. See id., 648. In *Lewis* v. *Slack*, supra, 110 Conn. App. 641, this court discussed our Supreme Court's holding in *Monroe* v. *Horwitch*, 215 Conn. 469, 576 A.2d 1280 (1990), that "a party who was simply a member of the general public who has not demonstrated how she was harmed in a unique fashion by the conduct she had challenged had failed to establish a colorable claim of direct injury, and thus lacked standing to maintain the action." (Internal quotation marks omitted.) *Lewis* v. *Slack*, supra, 647; see also *Monroe* v. *Horwitch*, supra, 469. Moreover, "[i]t is well settled that the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole." (Internal quotation marks omitted.) *Lewis* v. *Slack*, supra, 647–48. Thus, we conclude that the plaintiff has not established statutory or classical aggrievement, and, therefore, the court properly dismissed his action for lack of standing.

Alternatively, the plaintiff argues that even if the court was justified in relying on *Lewis*, such reliance and the holding in *Lewis* must be reexamined in light of our Supreme Court's decision in *Simms* v. *Seaman*, 308 Conn. 523, 526, 69 A.3d 880 (2013). Our Supreme Court in *Simms* noted in dicta that "[a] dissatisfied

litigant may file a motion to open the judgment . . . or may seek relief by filing a grievance against the offending attorney under the Rules of Professional Conduct, which may result in sanctions such as disbarment." (Citation omitted.) Id., 552. The plaintiff relies on this language as support for the proposition that he, as a litigant harmed by an attorney's misconduct, has a personal stake in the grievance process. We disagree.

Our Supreme Court did not create any new remedy for complainants in the grievance process, but rather the court was discussing the availability of remedies other than civil liability to deter or preclude attorney misconduct or to provide relief from such misconduct. See id. In *Simms*, the court noted that "a formidable array of penalties, including referrals to the statewide grievance committee for investigation into alleged misconduct, is available to courts and dissatisfied litigants who seek redress in connection with an attorney's fraudulent conduct." Id., 554. The plaintiff relies on our Supreme Court's language that it "not only encourage[s] trial courts to use these tools to protect the integrity of the judicial system but expect[s] them to do so in appropriate circumstances"; id.; for the proposition that as a harmed litigant he has a stake in the grievance process. The plaintiff misconstrues such language, however, because in the context of its opinion in *Simms*, our Supreme Court was stating that it encourages the trial courts to utilize the available remedies, for instance, making a referral to the Statewide Grievance Committee, as opposed to conferring standing on a complainant to seek review of the dismissal of a grievance complaint by that committee. See id. Therefore, our Supreme Court's holding in *Simms* did not overrule this court's decision in *Lewis*. See id.; see also *Lewis* v. *Slack*, supra, 110 Conn. App. 641.

Based upon our review of the record, we conclude that the plaintiff has failed to demonstrate either statutory or classical aggrievement. Accordingly, the court properly dismissed the plaintiff's action for lack of subject matter jurisdiction.

The judgment is affirmed.

[1] The plaintiff's pleading was entitled, "VERIFIED COMPLAINT AND APPLICATION FOR WRIT OF ERROR, INJUNCTIVE RELIEF AND ORDER OF MANDAMUS."

[2] Because we have determined that the plaintiff lacked standing to pursue his action, we do not reach the defendant grievance panel's claim that the plaintiff's claims against the panel are barred by sovereign immunity.

[3] Both the Statewide Grievance Committee and the local grievance panel were named as defendants.

[4] The grievance panel's full title is the Grievance Panel for the New Britain Judicial District and the Judicial District of Hartford for the towns of Avon, Bloomfield, Canton, Farmington, and West Hartford.