2020 IL App (1st) 190670-U
Nos. 1-19-0670 and 1-19-0996 (Cons.)
March 31, 2020

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LOUIS ROBERT FASULLO, | ) | Appeal from the Circuit Court |
| | ) | Of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | No. 2017 CH 15153 |
| v. | ) | |
| | ) | The Honorable |
| ATTORNEY REGISTRATION AND | ) | Celia G. Gramrath, |
| DISCIPLINARY COMMISSION, | ) | Judge Presiding. |
| | ) | |
| Defendant-Appellee. | ) | |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Griffin and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1        *Held:* The trial court properly dismissed his complaint with prejudice because Appellant has no standing to challenge the decision of the Attorney Registration and Disciplinary Commission.

¶ 2        This case arises from a *pro se* action for declaratory judgment that plaintiff-appellant, Louis Robert Fasullo ("Fasullo") filed against the Attorney Registration and Disciplinary Commission ("ARDC") because he was allegedly "deprived of rights" when the ARDC chose not to discipline

an Illinois attorney for alleged failures in that attorney's defense of Fasullo in a criminal case, and did not appoint a new public defender for him.

¶ 3 The issue before the court is whether the trial court properly granted the ARDC's motion to dismiss Fasullo's complaint with prejudice for lack of standing. Fasullo contends "the judge had denial syndrome, prejudice, unfair, or cruel to man kind," and the dismissal was improper because (i) the trial court should have "declared rights" of the parties, (ii) the ARDC had a duty to discipline and replace his public defender, and (iii) the trial court did not allow discovery. Fasullo asks that we reverse the dismissal and award the demanded amount of $250,000.

¶ 4 We find that the appellant lacked standing to bring his claims, so we affirm.

¶ 5 BACKGROUND

¶ 6 The record shows that in August 2014 the Tinley Park Police Department issued to Fasullo a notice informing him that if he entered a specified restaurant in Tinley Park, he would be "subject to arrest for Criminal Trespass to Property." Tinley Park police arrested Fasullo in November 2014 and charged him with trespass. Assistant Public Defender Rojelio Garza accepted an assignment to represent Fasullo in proceedings on the charge.

¶ 7 In February 2015 a court appointed psychiatrist found Fasullo mentally fit to stand trial with medication. The psychiatrist noted that doctors had prescribed antipsychotics for Fasullo.

¶ 8 Fasullo sent Garza several faxes in May 2015, asking Garza to "send *** the new court date." Fasullo filed a request for investigation with the ARDC against his public defender on May 29, 2015, and again on June 2, 2015, for lack of communication about his case, specifically the upcoming court date. The ARDC asked Garza to respond. On June 16, 2015, Garza responded to the ARDC denying negligent representation.

2

¶ 9        Garza sent Fasullo a letter, dated June 10, 2015, reminding Fasullo that his "next court date is schedule for June 19, 2015 at 9:00 a.m. in room 105, at the Bridgeview Courthouse. The Motion to dismiss will be heard first, if it is denied, we will proceed to trial." Fasullo received the letter on June 12, 2015, one week before the scheduled court date. Garza also sent a letter to ARDC, detailing the steps he took to defend Fasullo against the trespassing charge and to ensure Fasullo knew the court dates.

¶ 10       Fasullo was approximately 40 minutes late to the June 19, 2015, hearing for his criminal case, purportedly due to a late bus and the alleged failure of his public defender to adequately and timely communicate the court date to him. Fasullo claims that his public defender "was not really communicating" with him, "causing confusion, and mental anguish." The trial judge issued a bond forfeiture warrant due to Fasullo's tardiness. The trial court executed the warrant and had defendant taken into custody and jailed. *People v. Fasullo*, 2017 IL App (1st) 152172-U, ¶ 3. Fasullo was held for 18 days by the Cook County Department of Corrections. On July 7, 2015, Fasullo pled guilty to the trespassing charge and the circuit court sentenced him to time served. *Fasullo*, 2017 IL App (1st) 152172-U, ¶ 5.

¶ 11       The ARDC sent Fasullo a copy of Garza's response to his request for investigation. On July 18, 2015, Fasullo sent a response saying, "Garza did not send his client a court date in time for rescheduling of other cases." On July 31, 2015, the ARDC concluded their inquiry into Fasullo's grievance, and determined that no disciplinary action was necessary. In their letter informing Fasullo, the ARDC explained, "We would be unable to show by the requisite clear and convincing evidence that Mr. Garza neglected your defense or that he failed to communicate with you in a reasonable manner." They added that if any court sanctions his public defender  or

3

determines that he engaged in improper conduct, they may reopen the investigation at that time. It does not appear that Fasullo subsequently took any direct action against his public defender.

¶ 12    On November 14, 2017, Fasullo filed a *pro se* complaint against the ARDC claiming he was "deprived of rights," because "pursuant to statutes," the ARDC "was to discipline Rojelio Garza, because he did not communicate with his client." He sought $250,000 in damages.

¶ 13    On December 21, 2017, the ARDC filed a motion to dismiss for lack of standing and failure to state an actionable claim under sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016); 735 ILCS 5/2-619 (West 2016)). Fasullo sought to file an amended complaint on January 29, 2018, without responding to the ARDC's motion. The court granted the ARDC's motion under section 2-615 without prejudice on February 13, 2018, reserved ruling on the section 2-619 motion, and denied Fasullo's motion to file an amended complaint because none was attached to the motion. Fasullo was granted 21 days to file an amended complaint.

¶ 14    In March 2018, Fasullo filed a first amended complaint. Fasullo accused ARDC of negligently failing "to change *** [Fasullo's] public defender, or re-assign another PD, and prosecute the PD for breach of duty [of] communicating with Louis, client." Fasullo admitted he "received the letter of the court date, on around, 6, or 7 days before the court date." He claimed, "ARDC was supposed to appoint another PD, or schedule a motion to re-appoint Louis another PD[.] *** [T]here was more [ARDC] could do to prosecute the PD." He added, "Louis might have not been late if the PD communicated, sending Louis a fax telling Louis of his court date as soon as possible, therefore Louis can be on time."

¶ 15    On April 6, 2018, the ARDC again filed a motion to dismiss under sections 2-615 and 2-619 for failure to state a cause of action and lack of standing. Fasullo replied accusing the ARDC of bringing the dismissal "in bad faith," and "telling lies about the reason for [why] Louis' complaint should be dismissed," and discussed the nature of a declaratory judgment. The ARDC filed a reply on May 1, 2018, and the trial court heard oral argument on January 10, 2019. After the oral arguments, the trial court granted the ARDC's motion to dismiss the first amended complaint with prejudice for lack of standing to bring his suit against the ARDC, finding:

> "Fasullo has no legally recognized interest in the ARDC's investigation into grievances he made against his public defender ***. *** ARDC could not appoint another public defender for Fasullo, impose fines, imprison the attorney, obtain damages for Fasullo, or seek civil or criminal relief against the lawyer as part of the disciplinary process. As such, the prosecution of Fasullo's former public defender would not have any direct effect on Fasullo's claim, status, or rights.
>
> In addition, courts have held ' "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and therefore "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." ' *In re Atty. Disciplinary Appeal*, 650 F.3d 202, 204 (2d Cir. 2011) citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). In Illinois, it is the Supreme Court that has 'the sole "inherent power to discipline attorneys who have been admitted to practice before it." ' *Richardson v. Haddon*, 375 Ill. App. 3d 312, 316 (1st Dist. 2007) citing *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 229 (2000). 'The Illinois Supreme Court has

5

delegated to the ARDC the "authority to investigate and prosecute claims of attorney misconduct." ' *Id.* \*\*\* Much like the State's Attorney, the decision to investigate or not to investigate and take further action lies within the discretion of the ARDC, not with members of the general public or aggrieved former clients."

¶ 16 Fasullo filed a motion to reconsider on February 5, 2019, and the trial court denied the motion on February 25, 2019.

¶ 17 Fasullo appealed on April 18, 2019, arguing the court should have "declared Rights of the parties on the merits of the Complaint." This court allowed the late notice of appeal.

¶ 18             ANALYSIS

¶ 19 On appeal, Fasullo argues the circuit court judge erred because "the judge did not declare Rights just, and fair, and denied [Fasullo] the cause of action which recovery might be had. The judge did not allow discovery, and dismissed the complaint, and [Fasullo] believes on the merits he has a cause of action which recovery might be had."

¶ 20 We review *de novo* the order dismissing the complaint under section 2-619. *Lutkuskas v. Ricker*, 2015 IL 117090, ¶ 29.

¶ 21           Rule 341 Compliance

¶ 22 "In Illinois, parties choosing to represent themselves without a lawyer are 'presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys.' " *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 16 (quoting *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009)). This case is similar to *McCann v. Dart*, 30 N.E.3d 468 (Ill. App. Ct. 2015), in that Fasullo's opening brief does not conform with Illinois Supreme Court Rule 341,

which governs the form and content of appellate briefs. It is deficient in both its statement of facts as well as argument. However, where the violations of supreme court rules are not so flagrant as to hinder or preclude review, striking the brief may be unwarranted. *Carter v. Carter*, 2012 IL App (1st) 110855, ¶ 12.

¶ 23    While Fasullo's brief is not in compliance with Rules 341(h)(6) and (h)(7), our review of the case is not hindered because we have the benefit of the record before us, as well as the appellee's brief. "Rule 341 is not a limitation upon the jurisdiction of a court of review, but rather is an admonishment to the parties." *Brown v. Brown*, 62 Ill. App. 3d 328, 332 (1978). Despite the deficiency of the appellant's brief, we will rule on the merits.

¶ 24                                             Standing

¶ 25    After looking to the appellee's brief and the record for an understanding of the case, the dismissal for lack of standing was proper. Standing is a preliminary issue for any claim, and it is established by showing "some injury in fact to a legally cognizable interest," that is "(1) distinct and palpable; (2) fairly traceable to the defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief." *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). "[A] party cannot gain standing merely through a self-proclaimed interest or concern about an issue, no matter how sincere." *Id*. at 231

¶ 26    The Supreme Court has held, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another…[and therefore] lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). This principle has been equally applied to the discipline of an attorney by a state supreme court's designated authority in every

jurisdiction that has dealt with the issue. See*, e.g.*, *In re Faignant*, 212 A.3d 623 (VT 2019); *Boyce v. N.C. State Bar*, 814 S.E. 2d 127 (N.C. Ct. App. 2018); *Lewis v. Slack*, 110 Conn. App. 641 (2008); *Petition of Lath*, 169 N.H. 616 (2017); *Cotton v. Steele*, 255 Neb. 892 (1999).

¶ 27    Fasullo states that he "really, really believes he has a cause of action which recovery might be had," and argues he should be granted relief even if his claims are "petty." Fasullo's brief contains facts that may have been relevant to a timely claim for legal malpractice or ineffective assistance of counsel, but these are not the claims Fasullo made. His attorney is not the defendant. Fasullo has brought a civil action against an attorney disciplinary authority that made a decision, within their discretion as an arm of the Illinois Supreme Court, not to professionally discipline Fasullo's public defender.

¶ 28    "[T]he sole authority to impose disciplinary sanctions on attorneys is with the supreme court, and the appropriate forum to investigate the conduct of an attorney and conduct hearings is the Attorney Registration and Disciplinary Commission." *City of Chicago v. Higginbottom*, 579 N.E.2d 890, 908 (Ill. App. Ct. 1991). The details of the public defender's purported misconduct and the resulting harm to Fasullo are of no importance here because the ARDC is the defendant, and the ARDC made its decision not to discipline the public defender in its sole discretion, a power granted to it by the supreme court. *Id*. Additionally, as well-stated by the Court of Appeals of North Carolina, and recognized by courts of other jurisdictions faced with this issue, "the failure to discipline an attorney who should have been disciplined poses a risk of injury to the general public, not to a particular individual…[t]hus, when a citizen files a disciplinary complaint, there are two possible outcomes: either some form of discipline is assessed against the attorney or no discipline is assessed. Neither result confers any legally cognizable benefit or causes any legally cognizable

injury to the complainant who initiated the proceeding." *Boyce v. North Carolina State* Bar, 258 N.C. App. 567 (2018).

¶ 29                                      Failure to "Declare Rights"

¶ 30        Fasullo misunderstood the purpose of a declaratory judgment and wanted the trial court to tell him what cause of action he might have, as opposed to arguing one for himself. "The essential requirements of a declaratory judgment action are: (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests." *Beahringer v. Page*, 789 N.E.2d 1216, 1223 (Ill. 2003). Fasullo has not indicated a tangible legal interest, nor any opposing interest of the ARDC, but rather is seeking the discovery and declaration of interest from the courts. As the appellee noted, a motion for declaratory judgement relating to performance of acts of discretion or judgment may properly be dismissed. *Mack Industries v. Village of Dolton*, 2015 Il. App. (1st) 133620, ¶¶ 24-25.

¶ 31                                      Supplemental Record

¶ 32        Fasullo attached a supplemental record to his appeal consisting of several unanswered faxes to his public defender. This supplemental record was not presented to the trial court and the supplemental record will not be considered on appeal, pursuant to Illinois Appellate Court First District Rule 19. See also *Suarez v. Pieard*, 278 Ill. App. 3d 767, 770 (3rd Dist. 1996).

¶ 33                                      CONCLUSION

¶ 34        The record does not reflect the existence of any legally cognizable interest, Fasullo does not name the specific injury that plaintiff, as a citizen, suffered due to any act of the ARDC, and he does not refer to any specific legal duty he is alleging the ARDC failed to fulfill. Fasullo had

no standing to bring a claim against the ARDC for their discretionary decision not to discipline the public defender.

¶ 35        Affirmed.